UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| WILLIAM HORES, } | | |
| ON BEHALF OF HIMSELF AND } | | |
| ALL OTHERS SIMILIARLY SITUATED, } | | |
| } | | |
| Plaintiff, } | Civil Action, File No. | |
| v } | 2:17-cv-03606-ADS-AYS | |
| } | | |
| CREDENCE RESOURCE MANAGEMENT, LLC } | | |
| } | | |
| Defendant. } | | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, William Hores [hereinafter "Hores"] on behalf of himself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Credence Resource Management, LLC ("CRM"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on CRM's regular transaction of business within this district.  Venue in this district also is proper based on CRM possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  CRM also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Hores is a natural person who resides at 142 Halesite Drive, Sound Beach, NY 11789.

6. Hores is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about January 25, 2016, CRM sent Hores the letter annexed as Exhibit A. Hores received and read Exhibit A. For the reasons set forth below, Hores's receipt and reading of Exhibit A deprived Hores of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, CRM sent Exhibit A to Hores in an attempt to collect a past due debt.

9. Based upon Exhibit A setting forth that the creditor is AT&T Mobility, based upon CRM, via Exhibit A, having attempted to collect this past due debt from Hores in his individual capacity, and based upon Exhibit A not referring to the name of any business associated with the past due debt, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. CRM is a Nevada Domestic Limited Liability Corporation and a New York Foreign Limited Liability with a principal place of business located at 2215-B Renaissance Drive, Las Vegas Nevada 89119.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. CRM possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt

Collection Agency".

12. On Exhibit A, CRM identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

13. Based upon Exhibit A and upon CRM possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of CRM is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, CRM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. On or about December 21, 2015, CRM sent Exhibit B to Hores by regular mail.

17. Exhibit B was the validation notice CRM was required to send to Hores per 15 U.S.C. § 1692g.

18. As required by 15 U.S.C. § 1692g, Exhibit B gave Hores 30 days from his receipt of Exhibit B to exercise his rights under 15 U.S.C. § 1692g.

19. Since CRM sent Hores Exhibit B by regular mail, the law creates a presumption that it may take up to 5 days from the date of the mailing of Exhibit B for Hores to actually receive Exhibit B; and therefore, the law presumes that Hores did not receive Exhibit B until on or

about December 26, 2015. If it is presumed that Hores did not receive Exhibit B until December 26, 2015, Hores had until January 26, 2016 to exercise his rights under 15 U.S.C. § 1692g. If Hores waited until January 26, 2016 to exercise his rights under 15 U.S.C. § 1692g and exercised his aforementioned rights by sending a letter to CRM via regular mail, CRM may have not have received the letter from Hores until on or about February 1, 2016.

20. Based on the above, since CRM sent Hores the letter annexed as Exhibit A on or about January 25, 2016, CRM did not wait long enough to ascertain whether or not Hores timely had exercised his aforementioned rights.

21. Exhibit A did not in any manner communicate that Hores' receipt of Exhibit A did not supersede, override or eliminate Hores' rights as set forth under 15 U.S.C. § 1692g and as set forth in Exhibit B. Therefore, Exhibit A overshadowed and/or conflicted with Hores' rights under 15 U.S.C. § 1692g.

22. For the reasons set forth above, as a result of sending Exhibit A to Hores, CRM violated 15 USC 1692g (a) and (b), 15 USC 1692e, 15 USC 1692e (2) (A), 15 USC 1692e (5), 15 USC 1692e (10) and 15 USC 1692f .

## SECOND CAUSE OF ACTION-CLASS CLAIM

23. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

24. Exhibit A sets forth a "Balance Due" of $630.97.

25. Exhibit A does not set forth that the "Balance Due" of $630.97 may increase due to interest, late charges, and/or other charges.

26. Since Exhibit A does not set forth that the "Balance Due" of $630.97 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read

Exhibit A as meaning that the "Balance Due" of $630.97 was static and that their payment of $630.97 would satisfy the debt irrespective of when the payment was remitted.

27. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

28. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)". Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

29. Hores owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

30. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

31. As regards the past due debt set forth in Exhibit A, the creditor had a guaranteed right to interest on the "Balance Due" of $630.97 from the date of Exhibit A or an earlier date. NY CPLR 5001 (a) and (b); Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

32. Based on the above, the "Balance Due" of $630.97 set forth in Exhibit A was not static. Instead, interest was in fact accruing on the "Balance Due" of $630.97 set forth in Exhibit A

from the date of Exhibit A or earlier than the date of Exhibit A.

33. Based on the above, CRM or the creditor could seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Balance Due" of $630.97 set forth in Exhibit A balance was paid.

34. In the alternative, based on the above, the creditor could have sold Hores's debt to a third party and such third party could seek the interest that accumulated after Exhibit A was sent but before the "Balance Due" of $630.97 set forth in Exhibit A balance was paid.

35. Based on the above, since Exhibit A does not set forth that the "Balance Due" of $630.97 may increase due to interest, CRM violated 15 USC § 1692e by sending Exhibit A to Hores.

### THIRD CAUSE OF ACTION-CLASS CLAIM

36. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

37. Exhibit A set forth a "Balance Due" of $630.97.

38. Upon information and belief, any "Balance Due" resulted from an agreement entered into between Hores and AT&T Mobility.

39. Upon information and belief, pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue on any "Balance Due" due but unpaid to AT&T Mobility.

40. Upon information and belief, pursuant to the aforementioned agreement, AT&T Mobility and any assignee or successor-in-interest had a legal right at any time to collect from Hores the aforementioned interest, late charges, and/or other charges which had continued to accrue on any "Balance Due" due but unpaid to AT&T Mobility and any

assignee or successor-in-interest.

41. The aforementioned right to collect from Hores the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due" is not waived by AT&T Mobility or any assignee or successor-in-interest as a result of a failure by either AT&T Mobility or any assignee or successor-in-interest at any point in time to attempt to collect from Hores the aforementioned accrued interest, late charges, and/or other charges in addition to any "Balance Due".

42. Exhibit A failed to notify Hores that her "Balance Due" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

43. Although Exhibit A sets forth a settlement offer, Exhibit A failed to state that CRM will accept payment of the amount of the settlement offer in full satisfaction of the debt if payment is made by a specified date.

44. Although Exhibit A sets forth a settlement offer, Exhibit A failed to notify Hores that if she did not pay the amount of the settlement offer then the "Balance Due" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

45. For the above reasons, as a result of the aforementioned omissions from Exhibit A set forth in this paragraph, CRM violated 15 USC § 1692e as a result of sending Exhibit A to Hores.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

46. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

47. Exhibit A set forth a "Balance Due" of $630.97.

48. The "Balance Due" was set forth in an invoice, bill or statement received by Hores from

AT&T Mobility.

49. Upon information and belief, any aforementioned invoice, bill or statement set forth that AT&T Mobility could charge Hores interest, late charges, and/or other charges in addition to any "Balance Due". Any assignee or successor-in-interest of AT&T Mobility would succeed to the rights of AT&T Mobility based on any aforementioned invoice, bill or statement that set forth that AT&T Mobility could charge Hores interest, late charges, and/or other charges in addition to any "Balance Due".

50. Any right based on any aforementioned invoice, bill or statement to charge Hores interest, late charges, and/or other charges in addition to any "Balance Due" is not waived by AT&T Mobility or any assignee or successor-in-interest as a result of a failure by either AT&T Mobility or any assignee or successor-in-interest at any point in time to charge Hores interest, late charges, and/or other charges in addition to any "Balance Due".

51. Exhibit A failed to notify Hores that her "Balance Due" may increase due to interest, late charges, and/or other charges.

52. For the above reasons, as a result of the aforementioned omission from Exhibit A set forth in this paragraph, CRM violated 15 USC § 1692e as a result of sending Exhibit A to Hores.

**FIFTH CAUSE OF ACTION-CLASS CLAIM**

53. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

54. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC

1692e(10).

## SIXTH CAUSE OF ACTION-CLASS CLAIM

55. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

56. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

57. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

58. The classes consist of:

   I. (a) all natural persons (b) who had received a 1692g letter from CRM, (c) who subsequently received a letter from CRM dated between January 25, 2016 and the present in a form materially identical or substantially similar to Exhibit A to collect the same past due debt as the past due debt in the prior 1692g letter, (d) where the 1692g letter was dated less than 40 days prior to the letter covered by subsection (c).

   II. (a) all natural persons (b) who received a letter from CRM dated between January 25, 2016 and the present to collect a past due debt due to the creditor to whom the debt is owed, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the past due debt; and/or

   III. (a) all natural persons (b) who received a letter from CRM dated between January 25, 2016 and the present to collect a past due debt due to the creditor to whom the

    debt is owed, (c) in a form materially identical or substantially similar to Exhibit A

59. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

60. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

61. The predominant common question is whether Defendant's letters violate the FDCPA.

62. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

63. A class action is the superior means of adjudicating this dispute.

64. Individual cases are not economically feasible.

    **WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against CRM in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:       June 26, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709